## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

**GIANINNA GALLARDO, an**
**incapacitated person, by and through**
**her parents and co-guardians, PILAR**
**VASSALLO and WALTER GALLARDO,**

      **Plaintiff,**

**v.**                                    **Case No.: 4:16-cv-116**

**ELIZABETH DUDEK, in her official capacity as**
**Secretary of the STATE OF FLORIDA AGENCY**
**FOR HEALTH CARE ADMINISTRATION,**

      **Defendant.**

_____/

## COMPLAINT

Plaintiff, GIANINNA GALLARDO, an incapacitated person, by and through her parents and co-guardians, PILAR VASSALLO and WALTER GALLARDO, brings this action for injunctive, declaratory and other appropriate relief (including costs and attorney's fees) to challenge the refusal of the Defendant, STATE OF FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, to comply with federal Medicaid law.

## I.    INTRODUCTORY STATEMENT

1.    This is a civil rights action brought pursuant to 42 U.S.C. §1983 seeking injunctive, declaratory and other appropriate relief (including costs and attorney's

fees) as a result of the deprivation of the Plaintiff's rights as secured by 42 U.S.C. §1396p(a) & (b) (known as the "federal Medicaid anti-lien and anti-recovery provisions").

2.      In particular, Defendant STATE OF FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION ("AHCA") has asserted a Medicaid lien against Plaintiff's personal injury settlement and is seeking payment of its lien from beyond that portion of Plaintiff's settlement representing compensation for past medical expenses by requiring in the administrative  proceeding filed under section 409.910(17)(b), Florida Statutes, that Plaintiff prove by clear and convincing evidence that <u>both</u> her compensation for past medical expenses and her compensation for future medical expenses is less than the amount required to be paid to AHCA under the formula at section 409.910(11)(f).

3.      Plaintiff seeks a judgment declaring that AHCA may not recover beyond that portion of her settlement representing compensation for past medical expenses by requiring in the administrative proceeding under section 409.910(17)(b), that Plaintiff prove by clear and convincing evidence that <u>both</u> her compensation for past medical expenses and her compensation for future medical expenses is less than the amount required to be paid to AHCA under the formula at section 409.910(11)(f).      Plaintiff also seeks a judgment declaring that section 409.910(17)(b) is unconstitutional under the Supremacy Clause in Article VI of the

United States Constitution to the extent that it allows AHCA to recover beyond that portion of Plaintiff's settlement representing compensation for past medical expenses in violation of 42 U.S.C. §1396a(a)(25)(H) and 42 U.S.C. §1396p.

4.      Finally, Plaintiff seeks a judgment enjoining AHCA from enforcing section 409.910(17)(b) in a manner that permits AHCA to recover beyond that portion of Plaintiff's settlement representing compensation for past medical expenses in violation of 42 U.S.C. §1396, *et seq*., Ark. Dept. of Health & Human Services v. Ahlborn, 547 U.S. 268 (2006); and Wos v. E.M.A. 133 S.Ct. 1391 (2013).

## II.      JURISDICTION AND VENUE

5.      Plaintiff's case arises under the laws and Constitution of the United States, specifically, 42 U.S.C. §1396a, 42 U.S.C. §1396p, and the Supremacy Clause in Article VI of the Constitution.

6.      This court has jurisdiction over Plaintiff's claims under 28 U.S.C. §1331, 28 U.S.C. §1343(3), and 28 U.S.C. §1343(4).

7.      Plaintiff's lawsuit is authorized by 42 U.S.C. §1983 and 28 U.S.C. §2201.

8.      This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to resolve all state law claims related to the federal claims asserted herein.

9.      Under 28 U.S.C. §1391, venue is proper in this court.

## III.   PARTIES

10.    Plaintiff, GIANINNA GALLARDO, is an incapacitated person, residing with her parents and co-guardians, PILAR VASSALLO and WALTER GALLARDO, in Lee County, Florida.

11.    At all times relevant to this civil action, Plaintiff was a Medicaid recipient and received medical assistance paid through the Medicaid program administered by AHCA.

12.    Defendant ELIZABETH DUDEK is sued in her official capacity as the Secretary of the STATE OF FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, with an office address of 2727 Mahan Drive, Tallahassee, Florida 32309.

13.    AHCA is an agency of the State of Florida responsible for the administration of Florida's Medicaid program in accordance with 42 U.S.C. §1396, *et seq*.

14.    AHCA is responsible for enforcing liens and other rights of recovery which may arise by reason of a medical  payment made to or on behalf of a Medicaid recipient in accordance with 42 U.S.C. §1396a and  42 U.S.C. §1396p.

15.    At all times relevant to this civil action, Florida's Medicaid program received funding from the United States government and AHCA was required to administer the program in accordance with federal law.

## IV.   LEGAL BACKGROUND – MEDICAID

16.    Congress established the Medicaid Program in 1965 through Title IX to the Social Security Act, 42 U.S.C. §1396, "[f]or the purpose of providing federal financial assistance to States that choose to reimburse certain costs of medical treatment for needy persons." Harris v. McRae, 448 U.S. 297, 301 (1980).  Under this system of "cooperative federalism" if a State agrees to establish a Medicaid plan, the federal government agrees to pay a specified percentage of the total amount the State plans spends on medical assistance.  Id. at 308.

17.    State participation in the federal Medicaid program is voluntary however, a State that has elected to participate, like Florida, must comply with the federal Medicaid statutes and regulations.  See Wilder v. Virginia Hosp. Asso., 110 S.Ct. 2510 (1990) and Public Health Trust of Dade County v. Dade County Sch. Bd., 693 So.2d 562, 564 (Fla. 3rd DCA 1997).

18.    The federal Medicaid program requires every participating State to implement a "third-party liability" provision which requires the State to ascertain the legal liability of a third-party to pay for medical care provided through the Medicaid program.  Where such a legal liability is found to exist, the State is to seek reimbursement from the third-party to the extent of the third-party's legal liability to pay for medical care provided through the Medicaid program.  See 42 U.S.C. §1396a(a)(25)(A, B, & C).  To facilitate this direction, a State must have

"in effect laws under which, to the extent that payment has been made under the State plan for medical assistance for health care items or services furnished to an individual, the State is considered to have acquired the rights of such individual to payment by any other party for such health care items or services."  42 U.S.C. §1396a(a)(25)(H).

19.    The State, after providing Medicaid benefits, may seek reimbursement of "payment(s) that have been made under the State plan for medical assistance for health care items or services furnished to an individual" by "acquiring the rights of such individual to payment by any other party for such health care items or services."  However, there are limitations on the State's recovery that protect the Medicaid recipient's property.  Specifically, the federal anti-lien statute at 42 U.S.C. §1396p(a)(1) states "[n]o lien may be imposed against the property of any individual prior to his death on account of medical assistance paid," and the federal anti-recovery statute at §1396p(b)(1) states "[n]o adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made."

20.    In Ark. Dept. of Health & Human Services v. Ahlborn, 547 U.S. 268 (2006), the Supreme Court reviewed the tension between a Medicaid recipient's assignment to the State of his right to recover from liable third-parties "payment(s) that have been made under the State plan" in 42 U.S.C. §1396a(a)(25)(H) and the

protections of a Medicaid recipient's property interest in their tort settlement in the federal anti-lien and anti-recovery statutes.  The Ahlborn Court outlined that the State's ability to receive reimbursement under the assignment of a Medicaid recipient's right to recover medical assistance paid by Medicaid in 42 U.S.C. §1396a(a)(25)(H) is a limited exception to the federal anti-lien statute in 42 U.S.C. §1396p(a), which affirmatively prohibits States from seeking reimbursement from any portion of a Medicaid recipient's settlement.  Accordingly, under federal law as interpreted in Ahlborn, a State is limited to recover from only that portion of a Medicaid recipient's settlement representing compensation for past medical expenses.  See E.M.A. v. Cansler, 674 F.3d 290, 312 (U.S. 4th Cir. 2012)("*as the unanimous Ahlborn Court's decision makes clear, federal Medicaid law limits a State's recovery to settlement proceeds that are shown to be properly allocable to past medical expenses*."); *affirmed* Wos v. E.M.A., 133 S.Ct. 1391 (2013).

21.    Further, under the U.S. Supreme Court's decision in Wos v. E.M.A., 133 S.Ct. 1391 (2013) federal Medicaid law preempts State attempts to use a "irrebuttable one-size-fits-all" statutory formula to dictate its payment and a Medicaid recipient must be afforded the opportunity to challenge the payment of a Medicaid lien through an adversarial proceeding.  As the Wos Court stated in relation to the protections afforded Medicaid recipients by federal Medicaid law, "Pre-emption is not a matter of semantics.  A State may not

evade the pre-emptive force of federal law by resorting to creative statutory interpretation or description at odds with the statute's intended operation and effect." 133 S.Ct. at 1397-98.

22.   The Florida Legislature has enacted section 409.910, Florida Statutes, which authorizes AHCA to be reimbursed from a personal injury settlement or verdict money paid by Medicaid for the Medicaid recipient's "medical care prior to a tort recovery."  Smith v. Agency for Health Care Admin., 24 So. 3d 590, 590 (Fla 5th DCA 2009).  The statute creates an automatic lien on any such judgment or settlement for the full amount of medical assistance provided by Medicaid.  § 409.910(6)(c), Fla. Stat.

23.   The amount AHCA may recover for Medicaid expenditures from a judgment, award, or settlement from a third party is determined by the formula in section 409.910(11)(f), which sets that amount at one-half of the total recovery, after deducting 25 percent for attorney's fees and deducting taxable costs, up to, but not to exceed, the total amount actually paid by Medicaid on the recipient's behalf.  Agency for Health Care Admin. v. Riley, 119 So. 3d 514, 515, n.3 (Fla. 2d DCA 2013).

24.   The Florida appellate courts have recognized that under the U.S. Supreme Court decisions of Ahlborn and Wos, the formula at "section 409.910(11)(f) is preempted by the federal Medicaid statute's anti-lien provision to the extent it

creates an irrebuttable presumption and permits recovery beyond that portion of a Medicaid recipient's third-party recovery representing compensation for past medical expenses." Davis v. Roberts, 130 So. 3d 264, 270 (Fla. 5th DCA 2013); and Harrell v. Agency for Health Care Admin, 143 So.3d 478, 480 (Fla. 1st DCA 2014). As the First District Court of Appeals in Harrell stated:

> The decision in *Wos* has undermined the reasoning of the decisions that AHCA and the trial court have previously relied upon, so much so that three of the five district courts in Florida have, when presented with the issue of whether section 409.910(11)(f) has been preempted uniformly changed course by issuing opinions consistent with *Wos*. … As the Fifth District recently noted, "*Ahlborn* and *Wos* make clear that section 409.910(11)(f) is preempted by the federal Medicaid statute's anti-lien provision to the extent it creates an irrebuttable presumption and permits recovery beyond that portion of the Medicaid recipient's third-party recovery representing compensation for past medical expenses.
> …
> When such evidence is introduced, the trial court must consider it in making a determination on whether AHCA's lien amount should be adjusted to be consistent with federal law.

> Harrell, 143 So. 3d at 480 (citations omitted).

25.    Shortly after the Wos decision was issued, the 2013 Florida Legislature amended section 409.910(17), to strip the trial court of jurisdiction to handle the challenge of a Medicaid lien and placed the challenge of a Medicaid lien at the Division of Administrative Hearings ("DOAH") in Tallahassee. See Section 409.910(17(a – e), Florida Statutes (2013). In doing so, the Legislature placed the burden of proof in challenging a Medicaid lien solely on the Medicaid recipient and assigned the heightened standard of proof of "clear and convincing evidence."

The operative sentence of section 409.910(17)(b), outlining what must be proven by the Medicaid recipient at DOAH to successfully challenge the payment of a Medicaid lien states:

> In order to successfully challenge the amount payable to the agency, the recipient must prove, by clear and convincing evidence, that a lesser portion of the total recovery should be allocated as reimbursement for past and future medical expenses than the amount calculated by the agency pursuant to the formula set forth in paragraph (11)(f) or that Medicaid provided a lesser amount of medical assistance than that asserted by the agency.

26.   AHCA has not promulgated any administrative rules or issued policy statements relative to its interpretation of section 409.910 or the administrative procedure for challenging a Medicaid lien contained in section 409.910(17)(a – e).

27.   In administrative proceedings under section 409.910(17)(b), AHCA has taken the position that it is entitled to recover from both the portion of a Medicaid recipient's settlement compensating for past medical expenses and the portion of the settlement compensating for future medical expenses.  Further, AHCA has taken the position that to successfully challenge the amount payable to AHCA, the Medicaid recipient must prove by clear and convincing evidence that the amount allocable to both past and future medical expenses is less than the formula amount in section 409.910(11)(f).

28.   Ahlborn and Wos determined that the federal Medicaid statutes preempt and prohibit State attempts to recover beyond that portion of a Medicaid recipient's

settlement representing compensation for past medical expenses.  <u>Davis</u> and <u>Harrell</u> recognized that the federal Medicaid statutes preempt section 409.910(11)(f) to the extent it "permits recovery beyond that portion of a Medicaid recipient's third-party recovery representing compensation for past medical expenses."  Those statutes have not been amended or altered and are in full force and effect.[1]

## V.   <u>FACTUAL BACKGROUND</u>

29.    On November 19, 2008, GIANINNA was struck by a truck after being dropped off by her school bus.  As a result of this accident, GIANINNA suffered catastrophic physical injury and brain damage leaving her in a persistent vegetative state unable to ambulate, communicate, eat, toilet or care for herself in any manner.

30.    As a result of GIANINNA's catastrophic injuries, GIANINNA suffered both economic and non-economic damages.  These damages would include, but not be limited to, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of ability to earn money, and past and future medical expenses.  Altogether, a conservative valuation of all GIANINNA's

---

[1] "*It is also true that during all times relevant to the instant proceeding there have been no changes to the anti-lien provision in federal Medicaid law.*" <u>Gibbons v. AHCA</u>, Case No. 13-4720MTR, 2014 WL 1875794 (DOAH May 7, 2014); *see also*, <u>Leigh Ann Holland v. AHCA</u>, Case No. 14-2520MTR, 2014 WL 4953240 (DOAH Sept. 29, 2014); <u>Mierzwinski v. AHCA</u>, Case  No. 14-3806MTR, 2015 WL 1095841 (DOAH Mar. 6, 2015); and <u>Bryant v. AHCA</u>, Case No.: 15-4651MTR, 2016 WL 681061 (DOAH Feb. 12, 2016).

damages and the value a jury would award in damages (absent any limiting factors such as disputed facts, liability, causation, insolvency of the parties, insurance policy limits, etc.) would be in excess of $20,000,000.

31.   GIANINNA's past medical expenses related to her injuries were paid by WellCare of Florida and Medicaid. WellCare of Florida provided $21,499.30 in benefits and Medicaid provided $862,688.77 in benefits.  The combined amount of benefits provided to GIANINNA was $884,188.07 and this $884,188.07 represented GIANINNA's entire claim for past medical expenses.

32.   GIANINNA or others on her behalf, did not make payments in the past or in advance for GIANINNA's future medical care.   Accordingly, no claim for damages can be made for reimbursement, repayment, restitution, indemnification, or to be made whole for payments made in the past or in advance for future medical care.

33.   GIANINNA's parents, PILAR VASSALLO and WALTER GALLARDO, were appointed her co-guardians and they brought a personal injury action to recover all of GIANINNA's damages against those parties allegedly responsible for her injuries ("Tortfeasors").

34.   While GIANINNA's damages have an exceedingly high monetary value in excess of $20,000,000, there were significant issues of disputed facts, liability, assumption of risk, sovereign immunity, and insurance policy limits that called into

question the liability of the Defendants and their ability to pay if a judgement was entered against them.

35.     Based on these limiting factors, GIANINNA's personal injury action was compromised and settled in two settlements totaling $800,000.

36.     Although these settlements were in GIANINNA's best interest and appropriate given the significant limiting factors, the settlements do not fully compensate her for all her damages and she is only receiving a fraction of the total monetary value of all her damages.  Using the most conservative low-end valuation of all GIANINNA's damages of $20,000,000, GIANINNA in the settlements is receiving only **4%** of the value of her damages and GIANINNA is receiving only **4%** of each and every element of her damages including only **4%** of her $884,188.07 claim for past medical expenses, or $35,367.52.

37.     Understanding that the settlements do not fully compensate GIANINNA for all her damages and in the settlements GIANINNA is only receiving a fraction of the total monetary value of all her damages, including only a fraction of her $884,188.07 claim for past medical expenses, an allocation to GIANINNA's claim for past medical expenses was made as part of the settlement(s).  This allocation was based on the calculation of the ratio the settlements bore to the total monetary value of all GIANINNA's damages.  Using the conservative valuation of all GIANINNA's damages of $20,000,000, it was calculated that GIANINNA was

receiving **4%** of the total monetary value of all her damages in the settlements, and accordingly she was receiving in the settlements **4%** of her $884,188.07 claim for past medical expenses, or $35,367.52.

38.    In making this allocation, the parties agreed that:

a)    The settlements do not fully compensate GIANINNA for all the damages she has suffered and the settlements only compensates GIANINNA for a fraction of the total monetary value of all her damages;

b)    GIANINNA's damages have a value in excess of $20,000,000;

c)    GIANINNA's claim for past medical expenses was $884,188.07;

d)    Allocation of $35,367.52 of the settlements to past medical expenses and the remainder of the settlements toward the satisfaction of claims other than past medical expenses is reasonable and proportionate based on the same ratio the settlements bear to the total monetary value of all GIANINNA's damages;

e)    GIANINNA or others on her behalf have not made payments in the past or in advance for GIANINNA's future medical care;

f)    GIANINNA has not made a claim for reimbursement, repayment, restitution, indemnification, or to be made whole for payments made in the past or in advance for future medical care; and

g)   No portion of the settlements represents reimbursement for future medical expenses.

39.   The parties memorialized the allocation of $35,367.52 of the settlements to past medical expenses as well as their agreement concerning the lack of any claim for, or recovery of, reimbursement of future medical expenses in the two (2) Settlement Agreement and Release(s).  The respective Releases stated:

> Further, the Parties acknowledge that although Gianinna Gallardo's settlement does not fully compensate Gianinna Gallardo for all of the damages she has allegedly suffered, this settlement shall operate as a full and complete Release as to [Releasors] without regard to Gianinna Gallardo's settlement only compensating her for a fraction of the total monetary value of her alleged damages.  Plaintiffs believe, and [Releasors] agrees that it is not unreasonable for Plaintiffs to believe, that Gianinna Gallardo's alleged damages have a value in excess of $20,000,000, of which $884,188.07 represents Gianinna Gallardo's claim for past medical expenses.  Given the facts, circumstances, and nature of Gianinna Gallardo's injuries and Gianinna Gallardo's settlement, the parties have agreed to allocate $22,104.70 of Gianinna Gallardo's settlement to Gianinna Gallardo's claim for past medical expenses and allocated the remainder of her settlement towards the satisfaction of claims other than past medical expenses.  This allocation is a reasonable and proportionate allocation based on the same ratio Gianinna Gallardo's settlement bears to the above-referenced 20,000,000 total monetary value asserted by Plaintiffs of all Gianinna Gallardo's alleged damages.  Further, the parties acknowledge that Gianinna Gallardo may need future medical care related to her injuries, and some portion of this settlement may represent compensation for future medical expenses Gianinna Gallardo will incur in the future.  However, the parties acknowledge that Gianinna Gallardo, or others on her behalf, have not made payments in the past or in advance for Gianinna Gallardo's future medical care and Gianinna Gallardo has not made a claim for reimbursement, repayment, restitution, indemnification, or to be made whole for payments made in the past or in advance for future medical care.  Accordingly, no portion of this settlement represents reimbursement for future medical expenses.

Although this settlement does not fully compensate First Party for all of the damages being alleged in this lawsuit, this settlement and Full and Final Release shall operate as a full, final and complete Release as to Second Party, without regard to the fact that Gianinna Gallardo's settlement only compensates her for a fraction of the total alleged damages. The Parties agree that Gianinna Gallardo's alleged damages exceed $20,000,000 of which $884,188.07 represents Gianinna Gallardo's claim for past medical expenses. Given the facts, circumstances, and nature of Gianinna Gallardo's injuries, First Party has allocated $13,262.82 of Gianinna Gallardo's settlement to her claim for past medical expenses and allocated the remainder of her settlement towards the satisfaction of claims other than past medical expenses. First Party believes this to be a reasonable and proportionate allocation based upon the same ratio Gianinna Gallardo's settlement bears to the total value of Gianinna Gallardo's damages. Second Party does not object to Plaintiff's allocation; however, should any issue arise with respect to Plaintiff's allocations, such allocations shall not affect the validity of this settlement between the Parties, as this settlement and Full and Final Release shall operate as a full, final and complete Release as to the Second Party.

Further, the parties acknowledge that Gianinna Gallardo may need future medical care related to her injuries, and some portion of this settlement may represent compensation for future medical expenses which Gianinna Gallardo will incur in the future. However, the parties acknowledge that Gianinna Gallardo, or others on her behalf, have not made payments in the past or in advance for Gianinna Gallardo's future medical care and Gianinna Gallardo has not made a claim for reimbursement, repayment, restitution, indemnification, or to be made whole for payments made in the past or in advance for future medical care. Accordingly, no portion of this settlement represents a reimbursement for advance payment(s) of future medical expenses.

39.   Because Gianinna Gallardo was incompetent, Court approval of her

settlement was required. Accordingly, by Orders of July 10, 2015 and September

22, 2015, the Honorable Circuit Court Judge John E. Duryea, Jr. approved the settlement of GIANINNA's lawsuit.

40.    As stated in paragraph 31 above, GIANINNA's claim for past medical expenses was in the amount of $884,188.07, of which $862,688.77 represented the amount paid by AHCA through the Medicaid program.

41.    As a condition of GIANINNA's eligibility for Medicaid, GIANINNA assigned to AHCA her right to recover from liable third-parties medical expenses paid by Medicaid.  See 42 U.S.C. §1396a(a)(25)(H) and §409.910(6)(b), Fla. Stat.

42.    During the pendency of GIANINNA's personal injury action, AHCA was notified of the action, and AHCA through its collections contractor, Xerox Recovery Services, asserted a $862,688.77 Medicaid lien against GIANINNA's cause of action and future settlement of that action.

43.    The $862,688.77 spent by AHCA through the Medicaid program on behalf of GIANINNA represents expenditures paid for GIANINNA's past medical expenses.  No portion of the $862,688.77 paid by AHCA through the Medicaid program on behalf of GIANINNA represent expenditures for future medical expenses, and AHCA did not make payments in the past or in advance for GIANINNA's future medical care.

44.    By letter of October 8, 2015, GIANINNA's attorney notified AHCA of the settlement and provided AHCA with a copy of the executed Release(s) and signed

Orders approving GIANINNA's settlements. This letter explained that GIANINNA's damages had a value in excess of $20,000,000 and the settlement represented only a 4% recovery of GIANINNA's $884,188.07 claim for past medical expenses, or $35,367.52. This letter requested AHCA to advise as to the amount AHCA would accept in satisfaction of the $862,688.77 Medicaid lien.

45.    AHCA did not respond to GIANINNA's attorney's letter of October 8, 2015.

46.    AHCA did not file an action to set-aside, void, or otherwise dispute GIANINNA's settlement with the Tortfeasors.

47.    The formula at section 409.910(11)(f) as applied to GIANINNA's entire $800,000 settlement requires payment to AHCA of approximately $300,000.

48.    Pursuant to section 409.910(17)(a) GIANINNA deposited the (11)(f) formula amount into an interest bearing account and filed a Petition with DOAH under section 409.910(17)(b) to determine the amount of her settlement payable to AHCA in satisfaction of its Medicaid lien. See *GIANINNA GALLARDO v. AHCA*, DOAH Case No.: 15-6960MTR ("*Gallardo v. AHCA*").

49.    In the administrative proceeding *Gallardo v. AHCA*, AHCA is seeking recovery beyond that portion of GIANINNA's settlement representing compensation for past medical expenses, and AHCA is seeking recovery from that

portion of GIANINNA's settlement representing compensation for future medical expenses.

50.     In the administrative proceeding *Gallardo v. AHCA*, AHCA has taken the position that it is entitled to recover from <u>both</u> the portion of GIANINNA's settlement compensating her for past medical expenses and the portion of her settlement compensating her for future medical expenses.

51.     In the administrative proceeding *Gallardo v. AHCA*, AHCA's position is that in order for GIANINNA to successfully challenge the amount payable to AHCA, she must prove by clear and convincing evidence that <u>both</u> her compensation for past medical expenses and her compensation for future medical expenses is less than the amount required to be paid to AHCA under the formula at section 409.910(11)(f).

52.     The Administrative Law Judge DOAH assigned to the case of *Gallardo v. AHCA* has previously agreed with AHCA's position relative to section 409.910(17)(b), and ruled that under section 409.910(17)(b) AHCA may recover its past payments from the portion of a settlement compensating a Medicaid recipient for future medical expenses.

53.     AHCA's position that it is entitled to recover from <u>both</u> the portion of GIANINNA's settlement compensating her for past medical expenses and the portion of her settlement compensating her for future medical expenses is a

violation of federal Medicaid law, <u>Ahlborn</u> and <u>Wos,</u> and the Florida decisions that have held that this federal law preempts section 409.910(11)(f) "to the extent it permits recovery beyond that portion of the Medicaid recipient's third-party recovery representing compensation for past medical expenses."

54.     AHCA's position that under section 409.910(17)(b) GIANINNA must prove that <u>both</u> her compensation for past medical expenses and her compensation for future medical expenses is less than the formula amount in order to successfully challenge the Medicaid lien is contrary to the language of section 409.910(17)(b), which states the Medicaid recipient must prove the amount allocated as "reimbursement for past and future medical expenses" is less than the formula amount.   But most importantly, AHCA's position permits AHCA to recover beyond that portion of GIANINNA's "third-party recovery representing compensation for past medical expenses" in violation of federal law, Supreme Court case law, and Florida decisions holding that this federal law preempts section 409.910(11)(f) "to the extent it permits recovery beyond that portion of the Medicaid recipient's third-party recovery representing compensation for past medical expenses."

55.     To the extent that section 409.910(17)(b) permits AHCA to recover beyond that portion of GIANINNA's settlement representing compensation for past medical expenses it is a violation of federal Medicaid law and is preempted.

## VI.   COUNT I

## Declaratory, Injunctive and all other appropriate Relief

56.    Paragraphs 1 through 55, are restated and incorporated herein as true and accurate.

57.    Plaintiff request declaratory relief that AHCA may not recover beyond that portion of her settlement compensating for past medical expenses in violation of federal Medicaid law.

58.    Plaintiff request declaratory relief that section 409.910(17)(b) violates federal Medicaid law insofar as it permits AHCA to recover beyond that portion of her settlement representing compensation for past medical expenses by requiring her to prove by clear and convincing evidence the amount of her settlement allocable as both compensation for past medical expenses and compensation for future medical expenses is less than the amount required  to be paid to AHCA under the formula at section 409.910(11)(f).

59.    Plaintiff request all appropriate injunctions against AHCA to prevent AHCA from recovering beyond that portion of her settlement compensating her for past medical expenses.

60.    Plaintiff request all other appropriate relief including attorney's fees and costs authorized by 42 U.S.C. §1988.

WHEREFORE, Plaintiff, GIANINNA GALLARDO, an incapacitated person, by and through her parents and co-guardians, PILAR VASSALLO and WALTER GALLARDO, request that this Honorable Court:

A.    Issue an appropriate judgement declaring that under federal Medicaid law AHCA is prohibited from recovering beyond that portion of Plaintiff's settlement representing compensation for past medical expenses;

B.    Issue an appropriate judgement declaring that section 409.910(17)(b) violates federal law in so far as it permits AHCA to recover beyond that portion of Plaintiff's settlement representing compensation for past medical expenses by requiring Plaintiff to prove by clear and convincing evidence the amount of her settlement allocable to both compensation for past medical expenses and compensation for future medical expenses is less than the  amount required to be paid to AHCA under the formula at  section 409.910(11)(f);

C.    Issue an appropriate injunction prohibiting Defendant, ELIZABETH DUDEK, in her official capacity as Secretary of the STATE OF FLORIDA, AGENCY FOR HEALTH CARE ADMINISTRATION from seeking recovery beyond that portion of Plaintiff's settlement representing compensation for past medical expenses;

D.    Grant Plaintiff's attorney fees, costs and expenses authorized by 42 U.S.C. 1988; and

E.    Grant such further relief as this Court deems just and proper.

Respectfully submitted,

STAUNTON & FAGLIE, PL

/s/ Floyd Faglie

Florida Bar No. 0569690
189 E. Walnut Street
Monticello, Florida 32344
Telephone: (850) 997-6300
Email:        faglielaw@earthlink.net

CREED & GOWDY, P.A.

Bryan S. Gowdy
Florida Bar No.: 0176631
865 May Street
Jacksonville, Florida 32204
Telephone:  (904) 350-0075
Facsimile:  (904) 503-0441
Email:        bgowdy@appellate-firm.com
               filings@appellate-firm.com

*Counsel for Plaintiff*