IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GIANINNA GALLARDO, an incapacitated person, by and through her parents and co-guardians, PILAR VASSALLO and WALTER GALLARDO,

    Plaintiff,
vs.

Case No.: 4:16-cv-116-MW-CAS

ELIZABETH DUDEK, in her official capacity as Secretary of the STATE OF FLORIDA, AGENCY FOR HEALTH CARE ADMINISTRATION,

    Defendant.
_____/

## RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant ELIZABETH DUDEK, in her official capacity as Secretary of the STATE OF FLORIDA, AGENCY FOR HEALTH CARE ADMINISTRATION ("Agency"), files this Response to Plaintiff's Motion for Summary Judgment, stating:

1. As explained by the Plaintiff, the material facts are undisputed. The parties' dispute arises from the legal analysis, instead.

1

2. Defendant filed a Motion for Summary Judgment and a memorandum in support. For the reasons stated therein, the Plaintiff's legal analysis is flawed, and Summary Judgment should not be granted in favor of the Plaintiff.

## MEDICAL EXPENSE PORTION

3. Plaintiff's analysis imputes a meaning to the Supreme Court's decisions in *Arkansas Dep't of Health and Human Servs. v. Ahlborn*, 547 U.S. 268 (2006), and *Wos v. E.M.A.*, 133 S. Ct. 1391 (2013) that the Supreme Court did not hold, and avoided stating, even in dictum.

4. The Plaintiff seeks to limit the Agency to the past-only medical expense portion of her recovery.

5. Rather than limiting a state Medicaid program to reimbursement from the past only medical expense portion of a recovery, the Supreme Court recognized that the state Medicaid program may be reimbursed with priority from the entire medical expense portion of the recovery. *Ahlborn*, 547 U.S. at 291 ("[42 U.S.C. § 1396k(b)] gives the State a priority disbursement from the medical expenses portion alone.").

6. As explained by the Plaintiff in her memorandum, and the Agency in its memorandum, the federal anti-lien provision of 42 U.S.C. §1396p(a)(1),

prohibits a state Medicaid program from imposing a lien on the property of a Medicaid recipient for the medical assistance the program has provided. This is at odds with other federal statutes that <u>require</u> the state Medicaid programs to seek reimbursement. *See* 42 U.S.C. §§ 1396a, and 1396k.

7. The Supreme Court held that the statutes requiring states seek reimbursement carve an exception to the anti-lien statute. *Ahlborn*, 547 U.S. at 284-85.

8. One of these exceptions to the anti-lien statute provides that any right of the Medicaid recipient to payments for medical care from any third party must be assigned to the state:

   > . . . a State plan for medical assistance shall-
   > (1) provide that . . . the individual is required-
   > (A) to assign the State any rights, of the individual . . . to payment for medical care from any third party; . . .

   42 U.S.C. § 1396k(a). This provision requires assignment of "any rights" "to payment for medical care" "from any third party." *Id*. This includes the assignment of the right to future medical expenses. This provision—which requires a state be assigned the future medical expense portion of a Medicaid recipient's recovery—is an exception to the anti-lien provision.

3

9. The Plaintiff's recovery from a liable third party represents various damages, including past and future medical expenses. *See* Complaint (Document # 1) ¶¶ 33 and 35. Contrary to the Plaintiff's assertion, the Agency's lien may extend to the future medical expense portion of the recovery under federal law.

10. The Plaintiff tries to read § 1396k to only permit the Agency to "seek reimbursement of its past Medicaid payments to the extent of the third party's legal liability to pay for care and services provided by Medicaid." Plaintiff's Memorandum (Document # 12) pp. 7-8.

11. This grossly overlooks the section's language "any rights," "to payment for medical care." The statute is not concerned with whether the payment for medical care is for medical care provided in the past or to be provided in the future, nor whether the medical care was paid for by Medicaid or another entity.

12. The Plaintiff quotes the statute, but does not explain its meaning. Plaintiff's Memorandum (Document # 12) p. 9.

13. The meaning is obvious, though, especially when one combines subsection (a)(1)(A) with subsection (b): The state Medicaid program is to be assigned any rights to medical care, and from those rights, it is to be

4

reimbursed in full, before anyone else.

14. The Plaintiff relies on the facts of *Ahlborn*, and *Wos*. Plaintiff's Memorandum (Document # 12) pp. 10-16. But, the facts and stipulations of the parties should not be confused with the holdings of the Court.

15. The Plaintiff correctly explains that the Florida Statute allows the Agency to seek reimbursement from the entire past and future medical expense portion of a recipient's recovery from a liable third party. Plaintiff's Memorandum (Document # 12) p. 25.

16. The history of the Florida statute is irrelevant to a reading of federal law, except to note that the Florida allows as much reimbursement to the Agency as federal law does.

Clear and Convincing Evidence

17. First, the Plaintiff lacks standing to challenge the Florida statute's requirement that the Medicaid recipient prove "by clear and convincing evidence" the portion of her recovery that represents past and future medical expenses. Alternatively, the Plaintiff's challenge is moot. Because the Plaintiff does not even assert that, under a lesser standard (or even a shifted burden placed on the Agency), the past and future medical expense portion of her recovery is less than what the Agency is due under

5

the statutory formula, the Plaintiff is seeking relief beyond what could help her.

18. Although the statutory formula was pre-empted by federal law, the amended statute now provides an administrative proceeding to comply with federal law and the *Wos* decision.

19. The *Wos* Court explained that states "have established rebuttable presumptions and adjusted burdens of proof to ensure that speculative assessments of a plaintiff's likely recovery do not defeat the State's right to recover medical costs." 133 S. Ct. at 1401. The Court even quotes Oklahoma's statute: "full reimbursement 'unless a more limited allocation of damages to medical expenses is shown by clear and convincing evidence.'" *Id*. (quoting Okla. Stat., Tit. 63, § 5051.1(D)(1)(d)). The *Wos* Court avoids holding any of the state's methods as necessarily compliant with the federal Medicaid statutes, but its focus on them suggests it would agree with the methods under the arguments that were presented in *Wos* and *Ahlborn*. *Id*.

20. Indeed to be compliant with the anti-lien statute, a state statute must not take from the portion of a recipient's recovery that represents medical expenses. By allowing the recipient to prove that portion, and thereby

6

limit the Agency to that amount, the Florida statute complies with the federal law.

21. That the Florida Statutes impose a lien against a recipient's recovery—rather than only permitting the Agency to pursue reimbursement directly from the liable third parties—does not violate the federal Medicaid act. The federal provisions <u>requiring assignment</u> create "a floor," upon which the states are free to build, so long as they do not violate the law.

22. The *Wos* Court explained:

> In *Ahlborn*, the Court addressed this tension and held that the Medicaid statute sets both a floor and a ceiling on a State's potential share of a beneficiary's tort recovery. Federal law requires an assignment to the State of "the right to recover that portion of a settlement that represents payments for medical care," but it also "precludes attachment or encumbrance of the remainder of the settlement."

133 S. Ct. at 1396, (quoting *Ahlborn*, 547 U.S. at 282, 284). The floor is the required assignment, and the ceiling is the medical expense portion limitation. Between the floor and ceiling the State of Florida may impose a lien against the medical expense portion of the recipient's recovery.

23. The Plaintiff's burden to prove, by clear and convincing evidence the past and future medical expense portion of the recovery does not violate due process.

7

24. The Plaintiff incorrectly argues that "the State is taking a Medicaid recipient's property protected by both the anti-lien statute, and the federal and state Due Process Clauses." Plaintiff's Memorandum (Document # 12) p. 33 (internal citations omitted).

25. Because the statutory formula, or the administrative procedure in its place, determines the medical expense portion, and because this is the portion that the Ahlborn and Wos Court explicitly explained is not protected by the anti-lien statute, the state is not taking the recipient's property protected by the anti-lien statute.

26. Further, the "taking" is of property that the recipient has already assigned to the Agency by accepting Medicaid. § 409.910(6)(b); and 42 U.S.C. § 1396k.

27. The burden, while placed solely on the Medicaid recipient, is placed on the party with best access to the evidence. Beside any problem knowing what evidence to seek, if the burden were on the state, the evidence it needs may be protected by claims of privilege or confidentiality agreements. The evidence typically presented consists of testimony of the recipient's personal injury attorney, and exhibits including communications amongst the underlying parties, and one or more

8

confidential settlement agreements. *See, e.g., Haywood v. Agency for Health Care Admin.*, DOAH Case No. 15-6106MTR (2016).

28. Plaintiff cites two cases in which the clear and convincing standard violated due process. However, in both cases, the party with the clear and convincing burden had to prove something that was too difficult or impossible to prove.

    a. In *Del Valle v. State*, 80 So. 3d 999 (Fla. 2012), the Florida Supreme Court held that the clear and convincing standard violated the due process clauses when it required a probationer prove his inability to pay restitution. To prove inability to pay is to prove a negative, which is far more difficult (or impossible) than proving how a recovery should be allocated.

    b. In *Cooper v. Oklahoma*, 517 U.S. 348 (1996), the U.S. Supreme Court held that placing on a defendant, in a criminal trial, the burden of proving that he was incompetent to stand trial violated his due process rights. However, the state's burden is always higher in criminal cases in the long American tradition of protecting the innocent, and affording the accused the reasonable doubt. Further, there may exist difficulties in proving

9

incompetence that do not exist in proving how a recovery should be allocated, such as the evidence may need to be produced from scratch for the incompetent defendant, whereas the Medicaid recipient who has recovered will have ready access to all the evidence they should need.

29. Finally, the Plaintiff's concern is not something that has been a heavy burden to Medicaid recipients in the administrative proceeding. DOAH petitioners have successfully reduced Medicaid liens time and time again. *See, e.g., Bass v. AHCA*, DOAH Case No. 16-388MTR (May 27, 2016); *Doheny v. AHCA*, DOAH Case No. 15-6465MTR (April 8, 2016); *Belinaso v. AHCA*, DOAH Case No. 15-6136MTR (March 25, 2016); *Haywood v. AHCA*, DOAH Case No. 15-6106MTR (July 28, 2016); *Fourcoy v. AHCA*, DOAH Case No. 15-5213MTR (April 27, 2016); *Bryant v. AHCA*, DOAH Case No. 15-4651MTR (Feb. 12, 2016); *McCray v. AHCA*, DOAH Case No. 15-4378MTR (Dec. 16, 2015); *Gaudio v. AHCA*, DOAH Case No. 15-3159MTR (Feb. 17, 2016); *Pierre v. AHCA*, DOAH Case No. 14-5308MTR (April 14, 2015); *Mierzwinski v. AHCA*, DOAH Case No 14-3806MTR (March 6, 2015).

30. A single case from DOAH shows what evidence is too lacking to meet

the Petitioner's burden: In *Jones v. AHCA*, DOAH Case 14-3250MTR (Feb. 19, 2015), the Petitioner presented only the testimony of one trial attorney who was "imprecise and unpersuasive," and no further evidence. The First District Court of Appeal recently affirmed, without a written opinion. *Jones v. Agency for Health Care Admin.*, 192 So. 3d 474 (Fla. 1st DCA 2016). This is the sort of evidence that the Supreme Court explained needed to be avoided: states have "adjusted burdens of proof to ensure that <u>speculative assessments</u> of a plaintiff's likely recovery do not defeat the State's right to recover medical costs." *Wos*, 133 S. Ct. at 1401.

## Conclusion

The Plaintiff's Motion for Summary Judgment should not be granted. The Plaintiff's legal analysis is in error, and she seeks relief inconsistent with federal law.

Respectfully submitted this 6th day of September, 2016.

/s/ Alexander R. Boler
Alexander R. Boler
Florida Bar No.: 111374
2073 Summit Lake Drive, Suite 300
Tallahassee, Florida 32317
Phone: (801) 352-5038
Fax: (850) 201-1411
E-mail: FLTPLLEGAL@xerox.com
E-mail: alexander.boler@xerox.com

*Counsel for Defendant*

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this memorandum complies with Local Rule 56.1(E) and 7.1(F). This memorandum contains 1982 words, as counted by a word-processing system, including headings, footnotes, and quotations, excluding the case style, signature block, and certificates.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail to the following on this 6th day of September, 2016:

> Floyd B. Faglie
> Staunton & Faglie, PL
> 189 E. Walnut Street
> Monticello, Florida 32344
> faglielaw@earthlink.net
> *Counsel for Plaintiff*
>
> Bryan S. Gowdy
> Creed & Gowdy, P.A.
> 865 May Street
> Jacksonville, Florida 32204
> bgowdy@appellate-firm.com
> filings@appellate-firm.com
> *Counsel for Plaintiff*

/s/ Alexander R. Boler

Alexander R. Boler
Florida Bar No.: 111374
2073 Summit Lake Drive, Suite 300
Tallahassee, Florida 32317
Phone: (801) 352-5038
Fax: (850) 201-1411
E-mail: FLTPLLEGAL@xerox.com
E-mail: alexander.boler@xerox.com
*Counsel for Defendant*