IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GIANINNA GALLARDO, an incapacitated person, by and through her parents and co-guardians, PILAR VASSALLO and WALTER GALLARDO,

    Plaintiff,
vs.

Case No.: 4:16-cv-116-MW-CAS

ELIZABETH DUDEK, in her official capacity as Secretary of the STATE OF FLORIDA, AGENCY FOR HEALTH CARE ADMINISTRATION,

    Defendant.
_____/

## REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant ELIZABETH DUDEK, in her official capacity as Secretary of the STATE OF FLORIDA, AGENCY FOR HEALTH CARE ADMINISTRATION ("Agency"), files this Reply in Support of Defendant's Motion for Summary Judgment, stating:

1. Plaintiff, in her Response Opposing Defendant's Motion for Summary Judgment, incorrectly asserts that the federal statutes creating an exception to the federal anti-lien provision are to be read together to

1

create a smaller exception than federal law allows.

2. Further, Plaintiff incorrectly characterizes the Agency's argument as similar to an argument made by the Arkansas Department of Health and Human Services, which was rejected by the Supreme Court.

## SEPARATE SECTIONS

3. Two sections of the U.S. Code create an exception to the federal anti-lien provision: 42 U.S.C. §§ 1396a and 1396k. *Arkansas Department of Health and Human Services v. Ahlborn*, 547 U.S. 268, 284 (2006) ("To the extent that the forced assignment is expressly authorized by the terms of §§ 1396a(a)(25) and 1396k(a), it is an exception to the anti-lien provision.").

4. The Supreme Court reviews these two separate statutes at length and explains their different requirements. Id. at 276-85. It does not construe the provisions together, as Plaintiff claims.

5. The Court does not link the meaning of § 1396k to the meaning of § 1396a, instead it views them as separate requirements: After describing and quoting provisions of § 1396a(a)(25), the Court then explains "The obligation to enact assignment laws is reiterated in another provision of the SSA," and then quotes § 1396k.

6. And the Court does explain that § 1396a(a)(25)(H) "echoes the requirement of a mandatory assignment of rights in § 1396k(a)." *Ahlborn*, 547 U.S. at 281. But, note the direction of "echo": § 1396a(a)(25)(H) is similar to § 1396k(a). That does not mean that the reverse is true. Nor does it mean that all elements of a provision are found in the other provision.

7. That the sections "reiterate" or "echo" a requirement does not mean that the two sections have the same meaning or effect. First, it would be ridiculous to believe that Congress enacted two separate sections when just one would do. It may be more ridiculous to believe that these sections—with different language—have the same meaning and effect.

8. Further, the courts and Medicaid programs use § 1396k separate from § 1396a. For example, in *Douglas v. Babcock*, 990 F. 2d 875, the Sixth Circuit Court of Appeals (on the question of whether or not the section applies to pregnant women) interpreted exactly what § 1396k's requirements are, apart from other provisions of Medicaid law. The Court quoted the statute and explained: "In sum, in order to be eligible for medical assistance, a Medicaid applicant is required to assist the state by assigning any support and medical payment rights to the state, [and

other requirements]." *Id*. at 878.

9. Because §§ 1396a and 1396k are separate, they must carve separate, although overlapping, exceptions to the anti-lien provision.

10. The § 1396k exception permits the Agency to seek reimbursement from the entire medical expense portion of the Plaintiff's recovery, as the Plaintiff has assigned "any right" "to payment for medical care from any third party."

## ARKANSAS'S ARGUMENT

11. The Supreme Court rightly rejected Arkansas's reliance on § 1396k(b) for the proposition that Arkansas could be reimbursed from non-medical expense portion of Ahlborn's recovery with priority. *Ahlborn*, 547 U.S. at 281-82. It is not the entire settlement that is assigned, and therefore Arkansas could not take from the entire settlement. *Id*.

12. Instead, the Court explained that the assignment was only on the "recovery of payments for medical care." *Id*. at 282. From the entire medical care portion of the recovery, § 1396k(b) requires "the State be paid first," "before the recipient can recover any of her own costs for medical care." *Id*.

13. The Court uses the phrase "payments for medical care" to describe the

portion that § 1396k(b) gives the state priority over. *Id.* at 282. This phrase is what the Court emphasizes in its quote from § 1396k(a)(1)(A): "Medicaid recipients must, as condition of eligibility, 'assign the State any rights . . . <u>to payment for medical care</u> from any third party.'" *Id.* at 280 (emphasis added in *Ahlborn*).

14. The Agency's argument is not the same as Arkansas's. The Agency's argument is that § 1396k requires assignment of <u>any and all</u> rights to medical care payments, and that the Medicaid program is to be reimbursed from this portion with priority.

<u>CONCLUSION</u>

The Defendant's Motion for Summary Judgment is supported by the federal laws which limit the Medicaid program to the entire medical expense portion of the Plaintiff's recovery from a third party.

Respectfully submitted this 13th day of September, 2016.

<u>/s/ Alexander R. Boler</u>
Alexander R. Boler
Florida Bar No.: 111374
2073 Summit Lake Drive, Suite 300
Tallahassee, Florida 32317
Phone: (801) 352-5038
Fax: (850) 201-1411
E-mail: FLTPLLEGAL@xerox.com
E-mail: alexander.boler@xerox.com

5

*Counsel for Defendant*

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this memorandum complies with Local Rule 56.1(E) and 7.1(F). This memorandum contains 794 words, as counted by a word-processing system, including headings, footnotes, and quotations, excluding the case style, signature block, and certificates.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail to the following on this 13th day of September, 2016:

Floyd B. Faglie
Staunton & Faglie, PL
189 E. Walnut Street
Monticello, Florida 32344
faglielaw@earthlink.net
*Counsel for Plaintiff*

Bryan S. Gowdy
Creed & Gowdy, P.A.
865 May Street
Jacksonville, Florida 32204
bgowdy@appellate-firm.com
filings@appellate-firm.com
*Counsel for Plaintiff*

/s/ Alexander R. Boler
Alexander R. Boler
Florida Bar No.: 111374
2073 Summit Lake Drive, Suite 300
Tallahassee, Florida 32317
Phone: (801) 352-5038
Fax: (850) 201-1411
E-mail: FLTPLLEGAL@xerox.com
E-mail: alexander.boler@xerox.com
*Counsel for Defendant*